MERCHANTS' BANK OF ST. LOUIS, Plaintiff in Error, *v.* WASH-
INGTON FARMER, Defendant in Error.

1. *Banks — Branch banks, part of parent banks.*— The branch banks estab-
lished under the provisions of the act of the General Assembly entitled "An
act to regulate banks and banking institutions, and to create the office of
bank commissioner," approved February 17, 1857 (Sess. Acts 1856–7, p. 14),
were not distinct and independent organizations; they only formed parts of the
parent banks authorized by the amendment to the constitution in relation to
banking, approved January 23, 1857. (Sess. Acts 1856–7, p. 6.)

*Error to Third District Court.*

*Hardin*, for plaintiff in error.

*Sherwood & Phelps*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

It will be unnecessary to notice all the questions that have been
raised and argued in this court by the respective counsel, as it is
conceded by the counsel for the plaintiff in error that if one point
is decided against him it is fatal to his case, and a reversal would
be unavailing. The point is, whether the branches of the banks
organized under the constitutional amendment adopted by the
Legislature at its session of 1856–7 are to be deemed distinct
and independent organizations, or as parts of the parent banks
The article of the constitution which authorized the establishment
of the banks provided as follows: "The General Assembly shall
have power to establish such bank or banks as may be deemed
necessary for the interests of the State; but any bank so estab-
lished shall be based upon a specie capital, and made liable to
redeem its issues in gold or silver; *provided*, that the number of
banks chartered shall never exceed ten, and the aggregate amount
of capital shall never exceed twenty millions of dollars." The
same Legislature that ratified this constitutional amendment
passed an act to regulate banks and banking institutions, and
to create the office of bank commissioner, the second article of
which provided that every parent bank with a capital stock of
one million dollars should have at least two branches each, and

that every parent bank with a capital stock of more than one million dollars should have not less than three branches. Under this law, nine parent banks were established, with numerous branches, greatly exceeding the constitutional limit, if they are all to be held as independent organizations.

It will be seen that the cotemporaneous construction given to the amendment was that the branches merely formed a part of the parent banks. On no other theory could their existence for a moment be upheld. This construction has been acquiesced in, and their acts and privileges supported, when they clearly had neither validity nor existence on any other hypothesis.

They were agencies, branches, or stems of the parent banks, and in this instance the parent bank must be held bound by the acts of its branch.

Judgment affirmed. The other judges concur.